Randolph
*v.*
Easton.

———

## Barney S. Wild *versus* Francis Skinner.

Under Revised Stat. *c.* 19, § 22, requiring field drivers to take up and impound, *at any time*, cattle going at large in the highway without a keeper, a field-driver is authorized to impound cattle so going at large, on Sunday, the action of debt to which the owner is subjected by the statute in such case, being merely a cumulative remedy.

The field-driver, in such case, is not bound, under Revised Stat. *c.* 113, § 6, to leave with the pound-keeper a memorandum stating the cause of impounding and the damages demanded, this being requisite only where cattle are impounded *damage feasant*.

If the owner of the cattle replevy them within twenty-four hours after they have been impounded, he cannot afterwards object, that *no notice* of such impounding was given him in conformity with the provisions of Revised Stat. *c.* 113, § 8.

Replevin for certain cattle taken and impounded by the defendant, who was a field-driver of the town of Milton.

By an agreed statement of facts it appeared, that on Sunday, the 3d of December, 1837, the cattle in question were going at large on the highway within fifty rods of the plaintiff's house in Milton ; that the defendant took them up and impounded them about 5 o'clock in the afternoon of that day, in the town pound, but did not, at the time when he impounded them, leave with the pound-keeper any notice or demand of his fees, for the plaintiff; and that about 11 o'clock in the forenoon of the following day, the cattle were replevied by the plaintiff.

It was agreed, that, upon these facts, the Court should render such judgment as they should deem proper.

*A. Churchill* junior, for the plaintiff, to the point, that the defendant was not authorized to impound the cattle on Sunday, cited Revised Stat. *c.* 50, § 1, 2, 4, 7 ; *c.* 19, § 22, and note of the commissioners ; *St.* 1804, *c.* 44, § 1, 2 ; *St.* 1834, *c.* 184 ; *Smith* v. *Saxton,* 6 Pick. 483 ; *Nichols* v. *Squire,* 5 Pick. 168 ; *Pearce* v. *Atwood,* 13 Mass. R. 324.

*A. Cushing,* for the defendant.

PUTNAM J. drew up the opinion of the Court. Various objections have been made to the proceedings of the defendant, which will now be considered.

1. It is contended for the plaintiff, that the field-driver had no right to impound the cattle on Sunday, because it was not a criminal, but a civil process, and so not lawfully served on Sunday, and it was doing work and labor not necessary to be done on Sunday, and therefore void by the Revised Stat. *c.* 50 ; and because the remedy should have been an action of debt under the Revised Stat. *c.* 19, § 22. That section provides, that " every field-driver, within his town, shall take up, *at any time,* any swine, sheep, horses, asses, mules, goats or neat cattle, going at large in the public highways, or town ways, or on common and unimproved lands, and not under the care of a keeper ; and he shall restrain them in any pound in such town, according to the provisions of the 113th chapter ; and, for any such cattle or beasts, so going at large on the Lord's day, the field-driver, or any other inhabitant of the town, may recover, by an action of debt, for each beast, the same amount of fees which the field-driver is entitled to receive for the like beasts, when distrained or impounded."

Now the provision is, that the field-driver may do the above duty at *any time,* including the Lord's day as well as other days. But, on the other hand, it is urged by the plaintiffs, that when the cattle are going at large in the highways, &c. on the Lord's day, the owner is subjected to an action of debt only. We think the remedy is cumulative. It may be a work of necessity to take up the cattle on the Lord's day. They might greatly endanger the limbs and lives of the people having occasion to pass and repass on the highways on that day. And, besides, it might not be known to whom the cattle belonged, and so the only efficient remedy would be to take up the cattle and impound them.

And we are confirmed in this construction of the Revised Stat. *c.* 19, § 22, by a reference to the amendments proposed by the committee, but rejected by the legislature. The commissioners reported, in *c.* 19, § 24, that every field-driver, within his town, should take up, *at any time*, &c. &c. But the committee on amendments proposed, after the word *time*, to insert " *except on the Lord's day*," which the legislature refused to adopt, so declaring, that the field-driver might take up the cattle going at large in the highways, &c. upon the Lord's days, as well as on any other days. And the legislature adopted the recommendation of the committee of amendments, giving the action of debt, which is before recited, so showing clearly the intent of the legislature to give the one remedy or the other, as might be found to be convenient. This objection to the proceedings of the defendant cannot prevail.

But the plaintiff further contends, that, if the defendant might lawfully take up and impound the cattle on the Lord's day, he did not give any notice of his doings according to the Revised Stat. *c.* 113, § 6, 8. By the 6th section it is provided, that " if the beasts are impounded in the town pound, the distrainer shall leave with the pound-keeper a memorandum in writing, under his hand, stating the cause of impounding, and the sum that he demands from the owner, for the damage done by the beasts, and also for the daily charges of feeding them ; and if they are impounded in any other place, he shall give a like memorandum to the owner of the beasts, if demanded by him."

Now we think this section refers to the cases where the cattle are impounded *damage feasant.* That may be done by the owner of the land ; it is not requisite, that he should employ a field-driver to take up and impound cattle which are taken and distrained doing damage.

By the 5th section, the person who distrained the beasts doing damage, is required to furnish them with suitable food and water, so long as they remain impounded. The duty of the field-driver is contained in the 1st, 2d and 3d sections. And it seems to be confined to the taking up of cattle going at large. The 1st section provides, that when any beasts are taken up by the field-driver for going at large, they shall be

22

forthwith impounded in the town pound ; and the pound-keep-er is to furnish suitable food and water, so long as they are de-tained in his custody. He is not required to state the cause of taking and impounding ; for the only cause is set forth in the statute, and that must be presumed to be known, viz. that he took them for going at large contrary to law. He is known to be a field-driver, within his town. And, as to damage, he has no claim for any, as the owner of the close has, who has taken up beasts *damage feasant.* All that the field-driver has a right to demand, is his fees, which the pound-keeper, as well as the owner of the cattle going at large, must be presumed to know ; for they are stated in Revised Stat. *c.* 113, § 2, to wit, fifty cents a head, for neat cattle. No notice is required by the statute to be given at the time of impounding by the field-driver ; for, as is before said, it seems to be supposed or taken for granted, that the pound-keeper will be bound to take notice of the public office, power and duty of the field-driver. And the pound-keeper, by the 3d section, is required to retain and keep the beasts, and not to deliver them to the owner until he shall pay the pound-keeper his fees and for the expense of keeping the beasts, and also the fees due to the field-driver ; which lat-ter, when received, the pound-keeper is to pay over to the field-driver.

The objection, therefore, which was made by the plaintiff's counsel, that the field-driver did not give notice, at the time when the cattle were impounded, according to the 6th section before cited, cannot prevail, the notice in that section being in-tended to apply to cases of impounding by the owner of the land, for damage done by cattle therein, according to Revised Stat. *c.* 113, § 4, 5, 6.

But the 8th section applies to all cases of impounding, before mentioned in the statute ; and the plaintiff objects, that the de-fendant has not complied with the provisions therein contained ; which are, that "when beasts are impounded, the person im-pounding them shall, within twenty-four hours thereafter, give notice thereof, in writing, to the owner or the person having the care of them, if known, and living within six miles from the place of impounding, which notice shall be delivered to the party, or left at his place of abode, and shall contain a descrip-

tion of the beasts, and a statement of the time, place and cause of impounding." The defendant replied to this objection, that the plaintiff himself came to the pound and took away his cattle before the expiration of the twenty-four hours, in virtue of the writ of replevin. A notice of the character above described, was therefore rendered unnecessary by the act of the plaintiff himself.

The result is, that the defendant, being a field-driver, had a right to take up and impound the cattle on the Lord's day, they being found by him going at large contrary to law; that he was not required to leave a memorandum in writing stating the cause of impounding and the damage demanded, because such notice is requisite when the cattle are impounded *damage feasant;* and that the plaintiff, by replevying the cattle within twenty-four hours after they were impounded, rendered the notice required by the 8th section, unnecessary. The beasts were lawfully taken, and, therefore, the plaintiff cannot maintain this action.

The judgment of the Court is, that the plaintiff shall become nonsuit, and that the defendant shall recover of him for all the legal fees, costs, charges and expenses incurred by reason of the distress, and also the costs of replevin, according to Revised Stat. *c.* 113, § 22.